### 69526. ALLEN v. BIG STAR FOOD MARKET.
(324 SE2d 820)

DEEN, Presiding Judge.

The appellant, Jennie Lee Allen, commenced this action seeking damages for injuries she sustained when she slipped and fell in the business premises of the appellee grocery store, Big Star Food Market (Big Star). The trial court granted summary judgment for Big Star, and this appeal followed.

During the mid-afternoon of February 22, 1983, the appellant entered Big Star's premises. It was a rainy day, although there was some dispute over whether it was raining at the precise time that the appellant entered Big Star. As she entered, the appellant noticed that the floor was wet, but she nevertheless proceeded into the store; within eight to ten feet of the door, she slipped and fell, allegedly on a pool of water on the floor. After she had fallen, the appellant noticed two Big Star employees standing nearby with mops. While the manager of Big Star stated that he had observed no standing water or any other floor defect at the site of the fall, and another store employee did notice some rain water that had been tracked in, both denied actual knowledge of any standing water on the floor prior to the fall. It was undisputed that on the day of this incident, the manager had certain Big Star employees mop the floor area approximately every five to ten minutes to remove any accumulation of rain water. *Held:*

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980); see also *Food Giant v. Richardson*, 169 Ga. App. 517 (313 SE2d 781) (1984). A proprietor must exercise ordinary care in inspecting his

premises, but he is under no duty to patrol the premises continuously, absent a showing that the premises are unusually dangerous, and he is not an insurer of his customer's safety. *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342 (226 SE2d 142) (1976).

In this case, the appellant established that Big Star had general knowledge of the hazardous conditions created by the rainfall, but we need not address the question of whether the defendant exercised the requisite care in keeping the premises safe. It was uncontroverted that the appellant realized the wet condition of the floor and that she nevertheless proceeded to walk across it. This knowledge of the hazardous condition of the floor defeats her cause of action — we attach no significance to her claim that she had not noticed the specific body of standing water on which she slipped — and the trial court properly granted summary judgment for the appellee.

*Judgment affirmed. Sognier, J., concurs. McMurray C. J., concurs in the judgment only.*

DECIDED DECEMBER 4, 1984.

*Jay W. Bouldin*, for appellant.
*Michael D. Usry*, for appellee.