### 72882. HAGIN v. WINN-DIXIE STORES, INC.
(348 SE2d 766)

POPE, Judge.

On the evening of December 11, 1982, appellant Ruth Hagin entered the Winn-Dixie store in Conyers. She walked to an area opposite the door to get a shopping cart, and as she removed the cart from the stack, she slipped and fell. The record shows that she slipped in a puddle of clear water, and that it was misting rain when she entered the store. It had been raining most of the day. Appellee Winn-Dixie adduced affidavits of various employees on duty at the time of Hagin's fall to show that the floor was inspected every twenty minutes to one hour on rainy days to check for accumulations of water, and that the floor had been cleaned minutes before Hagin's fall. The trial

court granted Winn-Dixie's motion for summary judgment and Hagin brings this appeal. *Held*:

Hagin argues that this case differs from the many rainy-day, slip-and-fall cases in which this court has sustained summary judgment in favor of the owner of premises. See, e.g., *Alterman Foods v. Munford*, 178 Ga. App. 214 (342 SE2d 480) (1986); *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44 (332 SE2d 304) (1985); *Allen v. Big Star Food Market*, 172 Ga. App. 879 (324 SE2d 820) (1984). Specifically, Hagin argues that these cases are not applicable because she fell some distance from the door as a result of water dripping from the shopping carts and not from water tracked in from the outside. We are not persuaded by this argument. Although the exact location of the shopping cart storage area is not disclosed in the record, it is apparent from the record that it was in the general vicinity of the entrance and exit, and that the area was being patrolled and mopped by store employees on a regular basis. The rainy-day cases cited above do not turn on the proximity of the water on the floor to the entrance, but rather on the fact that when it rains, the ordinary person is aware that water is apt to be found in any area frequented by people coming in from the rain outside.

"In order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance. A proprietor must exercise ordinary care in inspecting his premises, but he is under no duty to patrol the premises continuously, absent a showing that the premises are unusually dangerous, and he is not an insurer of his customer's safety." (Citations and puncutuation omitted.) *Allen v. Big Star Food Market*, supra at 879-80.

In the case at bar, Hagin knew of the rainy conditions. The employees took reasonable steps to keep the rainwater mopped. We find no error in the trial court's ruling.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 16, 1986.

*William E. Zachary, Jr.*, for appellant.
*W. Wray Eckl, Georgia L. Schley*, for appellee.