A95A0922. ROBY et al. v. KROGER COMPANY.
(465 SE2d 496)

McMURRAY, Presiding Judge.

This is a rainy day slip and fall case. Plaintiff Teresa Roby was driven to a shopping center and dropped off at a covered walkway. After returning a movie to a video store, plaintiff proceeded along the covered walkway to a grocery store operated by defendant Kroger Company. When she entered defendant's store, Teresa Roby noticed that there was a trail of water leading to where the grocery baskets were stored. In order to avoid the water, Teresa Roby took a semicircular path to approach the grocery baskets. After she had turned back towards the grocery baskets and as she approached to about three feet from them, she slipped and fell. After she fell, Teresa Roby felt water on her leg and ankle and noticed that it had the smell of rainwater. She also saw water dripping off nearby grocery baskets.

Teresa Roby and her husband James Roby filed this action for damages against defendant. Teresa Roby seeks damages for her injuries, and her husband seeks damages for loss of consortium. These

plaintiffs filed this appeal from the grant of defendant's motion for summary judgment. *Held*:

Plaintiffs present essentially the same argument as that addressed in *Hagin v. Winn-Dixie Stores*, 180 Ga. App. 303 (348 SE2d 766), that the general rules applicable to rainy day slip and fall cases should be distinguished because the injured plaintiff fell due to water dripping from shopping carts and not from water tracked in from the outside. We find the present case indistinguishable from this precedent and repeat that these cases turn on the fact that when it rains, the ordinary person is aware that water is apt to be found in any area frequented by people coming in from the rain outside. As in *Hagin*, the injured plaintiff knew of the rain, and reasonable steps were taken by defendant to keep the rainwater mopped up. Indeed, the specific area where Teresa Roby fell had been inspected less than ten minutes before and observed to be clean and dry. See also *Chafin v. Winn-Dixie Atlanta*, 201 Ga. App. 209 (411 SE2d 64).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 29, 1995 —
RECONSIDERATION DENIED DECEMBER 14, 1995 — 

*Robert S. Windholz*, for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Todd M. Yates*, for appellee.