A96A0303. PALERMO v. WINN-DIXIE ATLANTA, INC.
(472 SE2d 85)

ANDREWS, Judge.

Evelyn Martinez Palermo appeals the trial court's order granting summary judgment to Winn-Dixie on her slip and fall claim. She contends issues of fact remain as to whether Winn-Dixie had superior knowledge of the hazard and also whether Winn-Dixie exercised reasonable care. We disagree and affirm the judgment of the trial court.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Construing the evidence, as we must, in favor of Palermo as nonmovant on summary judgment, the record shows that, the day after a heavy snowstorm, Palermo and her daughter, Anna Whitby, walked to the Winn-Dixie because Whitby did not want to drive in the snow. The snow was several inches deep and covered the parking lot and sidewalk outside the store. After entering the store, Palermo knocked the snow off her boots onto the floor. Palermo stated there were no mats and no cautionary "wet floor" signs at the entrance. She also said she did not see any mops or buckets when she walked in the door. While walking to the store and upon entering the store, Whitby told her mother to hold onto her arm so she would not slip and fall. After entering the store, Whitby left Palermo and went to get a shopping cart. Palermo stated she took one or two steps after letting go of Whitby's arm and fell. Palermo said she never saw anything on the floor, no puddles or snow, either before or after she fell. But, after she got up, her coat felt wet.

In support of its motion for summary judgment, Winn-Dixie submitted the affidavit of Steve Ballenger, a Junior Assistant Manager

at the Winn-Dixie at the time of Palermo's fall. Ballenger stated that on the day in question he personally placed two protective carpets in the entranceway to the store and also put two bright, yellow "wet floor" signs inside the entrance. Ballenger also said that he personally mopped the floor dry approximately every ten minutes throughout the day. Accordingly, he was able to state that he had mopped the floor within ten minutes of the time of Palermo's fall.

Edward Ivey, the security guard on duty the day of the accident, testified at his deposition that there was a carpet at the entrance to the store. Ivey stated that, in addition to the carpet at the entrance, there was at least one caution sign at the front of the store. He further testified that there was a mop and bucket by the front door on the day Ms. Palermo fell, and, even though it was not a part of his duties, he mopped the floor occasionally that day as he usually did on rainy days when there was a lot of traffic. Ivey testified that Ballenger also periodically mopped the floor at the entrance.

"In order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). In other words, recovery is permitted only when the dangerous condition is known to the owner or occupant of the premises and not known to the person injured. Id. at 622.

The trial court found Palermo had equal, if not greater, knowledge than Winn-Dixie of the hazardous condition created by customers like her who came inside and tracked ice and snow onto the floor. The court also found Winn-Dixie had exercised ordinary care in that it introduced uncontradicted evidence the floor was mopped at intervals throughout the day.

1. This case is governed by the long line of cases holding that it is common knowledge that entranceways will become wet and slippery during inclement weather due to shoppers continually tracking in water, slush, or mud, and proprietors are not required to remove the water as fast as it collects. See, e.g., *Chafin v. Winn-Dixie Atlanta*, 201 Ga. App. 209 (411 SE2d 64) (1991); *Adams v. Winn-Dixie Stores*, 192 Ga. App. 892 (386 SE2d 686) (1989); *Hagin v. Winn-Dixie Stores*, 180 Ga. App. 303 (348 SE2d 766) (1986); *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44 (332 SE2d 304) (1985). Further, while the proprietor is under a duty to exercise reasonable care, he is under no duty to warn customers of the obvious and cannot be expected to prevent the presence of some water on the floor during the course of a

rainy or snowy day. *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 177-178 (138 SE2d 77) (1964). See also *Chafin*, supra (summary judgment appropriate when plaintiff knew of the rainy conditions and evidence showed employees took reasonable steps to keep the floors mopped); *Hagin*, supra (motion for summary judgment was properly granted where plaintiff knew of the rainy conditions and employees took reasonable steps to keep the floor mopped). Accordingly, we find the trial court did not err in concluding that Palermo's knowledge of the hazardous condition was at least equal to that of Winn-Dixie's.

2. Palermo also contends that summary judgment was inappropriate because there are issues of fact as to whether Winn-Dixie exercised reasonable care. But, Palermo introduced no evidence contradicting the testimony of the assistant manager and the security guard that they were both mopping the floors dry at least as often as every ten minutes throughout the day. As this evidence was undisputed, the trial court correctly found there was no issue of fact as to whether Winn-Dixie had exercised reasonable care. *Chafin*, supra; *Hagin*, supra. Further, even assuming, which we do not, that Winn-Dixie failed to exercise ordinary care, Palermo cannot recover due to her equal knowledge that customers were tracking snow into the store. See *City of Winder v. Girone*, 265 Ga. 723, 724 (462 SE2d 704) (1995) (even if a defendant is negligent, a plaintiff's failure to exercise ordinary care for her own safety will bar recovery).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MAY 6, 1996 —
RECONSIDERATION DENIED MAY 24, 1996.

*Elvis E. Burke,* for appellant.

*Fain, Major & Wiley, Gene A. Major, Brian H. Alligood,* for appellee.