A97A1046. BIBLE et al. v. JACK ECKERD CORPORATION.
(490 SE2d 553)

Judge Harold R. Banke.

Harry B. Bible, Jr. and Janice B. Bible brought a personal injury action against the Jack Eckerd Corporation ("Eckerd") for a rainy day slip and fall. The Bibles appeal the summary judgment awarded to Eckerd.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, determines that the evidence does not create a triable issue as to each essential element of the case. *McGonagil v. Treadwell*, 216 Ga. App. 850, 853 (1) (456 SE2d 260) (1995). Viewed in that light, the evidence was as follows. At the time Harry Bible walked from his vehicle to shop at Eckerd's, the earlier heavy rain had dissipated and become a mere drizzle. As Bible stepped off a floor mat just inside the store, he slipped on some water.

As Bible lost his footing, he collided with a rug shampooer positioned at the entrance. The impact broke his glasses, knocked his billfold out of his back pocket and his keys out of his side pocket.

Eckerd's store manager admitted that prior to Bible's fall, he was aware that water seeped under the doors during rain storms. The manager testified that customarily in severe weather, "we would lock the door and put a sign to come through the mall entrance."[1] The store manager admitted that on rainy days, Eckerd took no specific precautions and had no policy for inspections.

Bible testified that as he lay on the floor awaiting the ambulance, an Eckerd pharmacist told him that he himself had recently slipped and "skidded across the floor" as a result of the door sweep problem.[2] According to Bible, the pharmacist stated that the situation "ought to be corrected."

An undated business record showed that a recommendation had been made to install a six-inch gutter at that entrance. About one year before Bible's fall, another customer had fallen in the same area under similar circumstances. Bible testified that while he was lying on the floor he noticed that the floor tiling appeared uneven, allowing water to puddle. A customer accident report completed by an Eckerd employee in response to Bible's fall noted "puddles on the floor."

Bible testified that although he was watching where he was walking, he did not observe any water on the floor before he slipped. Bible claimed that he was distracted as he walked through the entrance because the checkout had been relocated since his last visit. Bible also stated that his eyes had difficulty adjusting to the change in lighting. Eckerd countered that Bible's distraction was self-induced.

Eckerd asserted that it was entitled to summary judgment because Bible could not prove that it had superior knowledge, in that Bible could not prove how long the water had been present on the floor before he fell. Although Eckerd further claimed that Bible essentially admitted that he probably could have seen the water if he had been looking down, the record does not support that contention. Eckerd argued that the purported admission foreclosed recovery as a matter of law. Eckerd contended that had Bible exercised ordinary care, he would have anticipated the presence of water due to the rainy day conditions and accordingly would have noticed and avoided the hazard. Asserting that 16 material issues of fact remain unresolved, the Bibles appeal summary judgment. *Held*:

---

[1] The store has two sets of doors. The set where Bible fell leads directly from the parking lot. The other set is accessible only through the mall.

[2] Door sweeps are metal and rubber sections that seal the bottom portion of doors from the elements.

By statute, a proprietor has a duty to exercise ordinary care in keeping his premises and approaches in a reasonably safe condition. OCGA § 51-3-1. In order to recover, Bible would have to show that Eckerd had actual or constructive knowledge of the hazard and that he was without knowledge of the hazard or was prevented by Eckerd from discovering it. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

It is common knowledge that store entranceways often become wet and slippery during inclement weather due to shoppers constantly tracking in water. Proprietors are not required to remove the water as fast as it collects. See, e.g., *Palermo v. Winn-Dixie Atlanta*, 221 Ga. App. 532, 533 (1) (472 SE2d 85) (1996); *Chafin v. Winn-Dixie Atlanta*, 201 Ga. App. 209, 210 (411 SE2d 64) (1991); *Adams v. Winn-Dixie Stores*, 192 Ga. App. 892, 893 (386 SE2d 686) (1989). While a proprietor, like Eckerd, is under a duty to exercise ordinary care in keeping its premises and approaches reasonably safe, it has no duty to warn customers of the obvious and cannot be expected to prevent some presence of water on the floor during a rain storm. *Palermo*, 221 Ga. App. at 533-534 (1); OCGA § 51-3-1. Although Eckerd was not required to keep a large force of moppers stationed at its entrance, it was required to exercise reasonable care under the prevailing weather conditions. *Chafin*, 201 Ga. App. at 210.

Eckerd failed to offer any evidence that it took reasonable steps to keep the rainwater mopped despite its awareness that more water was likely accumulating on its floor than would normally be expected to be tracked in by shoppers. Compare *Roby v. Kroger Co.*, 219 Ga. App. 459, 460 (465 SE2d 496) (1995). Eckerd offered absolutely no evidence that after the heavy rain, it inspected the floor area at issue to ensure that it was reasonably safe for its customers. OCGA § 51-3-1. Bible's evidence indicates that despite knowing about the accumulation of water on rainy days, Eckerd failed to place any wet floor signs, failed to mop, failed to inspect, and allegedly failed to use suitable floor mats. Nor did the evidence show that Eckerd locked the doors to avert possible danger.

Bible can satisfy prong one of *Alterman Foods*, supra, because the evidence shows that Eckerd knew that during heavy rains water seeped under this particular entrance. As it is undisputed that there had been a heavy rain earlier in the day, Eckerd knew or should have known that water was present on its floor. *McDonald's Restaurants &c. v. Banks*, 219 Ga. App. 667, 668 (466 SE2d 240) (1995); see *Weight Watchers &c. v. Welborn*, 165 Ga. App. 290, 291 (299 SE2d 760) (1983). As to prong two, Bible's uncontroverted testimony is that he did not see the water on the floor before he fell. *Alterman Foods*, 246 Ga. at 623.

A jury must determine whether Bible exercised reasonable care

for his own safety and whether Eckerd breached its statutory duty of keeping its premises reasonably safe. OCGA § 51-3-1. Questions of negligence, diligence, contributory negligence, and exercise of ordinary care and proximate cause are solely for jury resolution except in plain and indisputable cases. *Pique v. Lee*, 218 Ga. App. 357, 358 (461 SE2d 302) (1995); *Kroger Co. v. Green*, 190 Ga. App. 318 (1) (378 SE2d 905) (1989). This is not such a case.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 4, 1997.

*Peter A. Law, Bruce Berger*, for appellants.

*Swift, Currie, McGhee & Hiers, John W. Campbell, Monique R. Walker*, for appellee.