A97A1889. LAWSON et al. v. BRUNO'S FOOD STORES, INC.
(494 SE2d 543)

BEASLEY, Judge.

As she was greeted by a store cashier, Tommie Lawson slipped and fell in water on the floor in one of Bruno's grocery stores. In her premises liability action against Bruno's based on OCGA § 51-3-1, the court granted summary judgment to Bruno's. The issues are (i) whether Bruno's had constructive knowledge of the hazard, and (ii) whether the cashier's greeting distracted Lawson so a jury could find she was exercising due care for her own safety, as required by OCGA § 51-1-2, when she did not see the puddle and fell in it.

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). So construed, the evidence shows Lawson arrived at the grocery store while it was "misty raining." There was no mat or warning sign outside or inside the door, but she "probably" wiped her shoes and feet before she went in. She approached the shopping carts taking at least 14 steps into the store, and when she reached them, a cashier whom she knew greeted her. The cashier was not checking out other customers at the time. Lawson responded to the greeting but slipped and fell in a beachball-sized puddle of water located ten paces from the cashier, directly in front of the shopping carts. The cashier saw Lawson fall and went to assist.

2. In Georgia, "[a]t the threshold of analysis in every such premises liability case stand two well-settled legal principles: First, the owners and occupiers of property are not insurers of the safety of their invitees; and, second, in order to prevail, the plaintiff must show that the owner or occupier of the premises had *superior* knowledge of the alleged defect which caused the plaintiff's fall. [Cits.]" (Emphasis in original.) *Moore v. Kroger Co.*, 221 Ga. App. 520 (471 SE2d 916) (1996); see also *Harris v. Star Svc. &c. Co.*, 170 Ga. App. 816, 817 (318 SE2d 239) (1984); *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 173 (2) (138 SE2d 77) (1964). To demonstrate supe-

rior knowledge, "the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

(a) A plaintiff may establish constructive knowledge by evidence that "an employee was in the immediate vicinity of the hazardous condition and could easily have noticed and corrected it. [Cit.]" *Hornbuckle Wholesale Florist &c. v. Castellaw*, 223 Ga. App. 198, 199 (477 SE2d 348) (1996); see *Alterman Foods*, supra, 246 Ga. at 622. Bruno's employee was unoccupied and had a clear, unobstructed vantage point from which to see the sizeable puddle of water (larger than an 8 1/2″ x 14″ file folder) located only ten paces away. The employee observed Lawson approach the location of the puddle of water as she spoke to Lawson when she entered the store. No one else walked in or out of the store at the time, nor was anyone else around the carts. The record could support a finding of constructive knowledge.

(b) Lawson must also show that she was either without knowledge of the substance or prevented from discovering the foreign substance for some reason attributable to the defendant. *Alterman Foods*, supra, 246 Ga. at 623. In rainy day slip-and-fall cases, plaintiffs are charged with equal knowledge "that water is apt to be found in any area frequented by people coming in from the rain outside." *Hagin v. Winn-Dixie Stores*, 180 Ga. App. 303, 304 (348 SE2d 766) (1986); see also *Roby v. Kroger Co.*, 219 Ga. App. 459, 460 (465 SE2d 496) (1995); *Gibson*, supra, 110 Ga. App. at 173-178 (2). "[I]f warning [of water on the floor near the entrance] were needed *the rain itself supplied it*." (Emphasis in original.) Id. at 179. But a "store patron 'is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when [her] attention has been . . . diverted.' [Cit.]" *Alterman Foods*, supra, 246 Ga. at 623. In fact, " 'setting up of a distraction, by a sign or conduct, which will so divert the customer's attention as to be the proximate cause of his injury . . ., may constitute actionable negligence on the part of the defendant.' [Cits.]" Id.

The store employee attracted Lawson's attention and eye focus, and a jury could find this diverted Lawson from noticing the hazardous condition of the floor. " 'Where the distraction comes from [the landowner], and is of such a nature as naturally to divert the plaintiff,' " the plaintiff's failure to observe it may not constitute a failure to exercise ordinary diligence; it is a jury question. *Gray v. Delta Air Lines*, 127 Ga. App. 45, 51-52 (2) (192 SE2d 521) (1972); see *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1, 3 (1) (432 SE2d 230) (1993) (whether plaintiff exercised ordinary care in light of distrac-

tion is a jury question). A greeting initiated by a store employee, which directs attention to the employee, may constitute such a distraction. See *Sheriff's Best Buy v. Davis*, 215 Ga. App. 290 (450 SE2d 319) (1994); see also *Jackson Atlantic, Inc. v. Wright*, 129 Ga. App. 857, 859-860 (1) (201 SE2d 634) (1973) (distraction where employee asked plaintiff to move in the direction of the dangerous condition); *J. C. Penney Co. v. Knight*, 119 Ga. App. 70 (166 SE2d 434) (1969) (distraction where employee wished a customer "Merry Christmas"); *Butts v. Academy of Beauty*, 117 Ga. App. 222 (160 SE2d 222) (1968) (distraction where employee called to the plaintiff regarding appointment). Compare *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994) (distraction where customer had to call to employee to get employee to come to register).

Bruno's argues that distraction cases do not apply to rainy day scenarios. Although none of the cases cited above was a rainy day case, the legal principles are still relevant. *Alterman Foods* allowed an action to a plaintiff who failed to discover the hazard "for some reason attributable to the defendant." 246 Ga. 623. *Roby v. Kroger Co.*, supra, 219 Ga. App. 459, cited by defendant, differs in that plaintiff Roby saw the water and initially skirted it before she fell. A jury must decide, for one thing, whether Lawson's failure to discover the hazard resulted from the store employee's speaking to her.

Bruno's was not entitled to summary judgment.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 20, 1997 —
RECONSIDERATION DENIED DECEMBER 5, 1997.

*Dozier, Lee, Graham & Sikes, Joel M. Grist, Jr.*, for appellants.
*Martin, Snow, Grant & Napier, Lisa Edwards, Jay C. Traynham*, for appellee.