A02A0810. MANSELL et al. v. STARR ENTERPRISES/TEXACO,
INC. et al.
(568 SE2d 145)

MIKELL, Judge.

Corrine Turner Mansell and Thomas Mansell appeal the trial court's grant of summary judgment to Starr Enterprises/Texaco, Inc. and Motiva Enterprises, LLC (collectively referred to as "Starr Texaco").[1] The Mansells filed a negligence action against Starr Texaco after Mrs. Mansell fell while on the premises of the filling station. On appeal, the Mansells contend that the trial court erred in granting summary judgment to Starr Texaco, because there were genuine issues of fact as to whether a petroleum residue on Mrs. Mansell's shoe caused the fall and whether the store manager had superior knowledge of the alleged hazard. We disagree and affirm.

Summary judgment is proper when there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (1) (503 SE2d 581) (1998).

It is undisputed that the Mansells were customers of the Starr Texaco filling station on October 15, 1997. When Mrs. Mansell exited their car near the gas pump, she noticed that the ground was wet with water and observed a woman spraying the pavement in front of the store with a hose. Sandy Mills, the store manager, deposed that she was spraying the pavement to remove cigarette butts, dirt, and debris from the area in front of the store. Mrs. Mansell proceeded across the wet pavement to the store entrance. She deposed that when she entered the store, she was aware that she had just walked through water.

---

[1] Starr Enterprises/Texaco, Inc. and Motiva Enterprises, LLC are the owners of Texaco Store No. 1024 in Union City.

Once inside, Mrs. Mansell turned right and walked toward the restroom. As she proceeded down an aisle, she slipped and fell, fracturing her left ankle. Mrs. Mansell deposed that she did not observe water or any other substance on the ground where she fell. Dorothy Boswell, a friend who was walking behind Mrs. Mansell down the aisle, did not recall seeing any water in the area where Mrs. Mansell fell. Mr. Mansell deposed that the bottoms of his wife's shoes were wet after the fall, but he did not see any water on the floor where she fell. He described a clear liquid on the bottom of her shoes that he speculated was a "petroleum residue."

The standard for recovery in a slip and fall action is well settled: "[A]n invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997). See generally Adams & Adams, Ga. Law of Torts, § 4-6 (c) (3) (2000 ed.).

The Mansells have produced no evidence of what foreign substance, condition, or hazard caused Mrs. Mansell to slip and fall other than the water she testified she knowingly walked through. If the water created a hazard, it is undisputed that Mrs. Mansell was aware of it, as demonstrated by the following exchange during her deposition:

Q: So when you got out of the car and you stepped on the ground, you saw the ground was wet, right?
A: (Witness nods head affirmatively.)
Q: Is that right?
A: Yes.
Q: And you walked up to the front door of the store, the ground — you were aware that the ground that you were walking on was wet as you approached the store, right?
A: Yes.
Q: And you walked inside the store, you noticed that there was a little moisture there on the ground — on the floor just inside the door, right?
A: Uh-huh (affirmative). . . .
Q: Okay. You assumed that other people had walked through the water into the store, correct?
A: Uh-huh (affirmative). . . .
Q: Okay. And you knew as you walked into the store that you had walked through water on your way into the store?
A: Yeah, I knew this.

This case is analogous to "rainy day" slip and fall cases where "plain-

tiffs are charged with equal knowledge that water is apt to be found in any area frequented by people coming in from the rain outside." (Citations and punctuation omitted.) *Lawson v. Bruno's Food Stores*, 229 Ga. App. 683, 684 (1) (b) (494 SE2d 543) (1997). See also *Palermo v. Winn-Dixie Atlanta*, 221 Ga. App. 532, 533 (1) (472 SE2d 85) (1996) (proprietor not liable when woman slipped after entering a store when there was snow in the parking lot and customers had tracked snow and ice onto the floor).

The Mansells argue that in addition to the water, there was evidence of a "petroleum residue" on Mrs. Mansell's shoes, creating an issue of fact as to whether Mills and Starr Texaco had superior knowledge of the alleged hazard. The only evidence offered to prove the presence of a petroleum residue is the deposition testimony of Mr. Mansell that he observed a clear liquid on the bottom of his wife's shoes that he thought was "a composition of perhaps the petroleum residue that I think was picked up in walking through the water." According to Mr. Mansell's deposition, he concluded that the substance was slippery based on his wife's fall and not due to any particular characteristic of the substance that he actually observed. "Guesses or speculation which raise[s] merely a conjecture or possibility [is] not sufficient to create even an inference of fact for consideration on summary judgment." *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996). See also *La Cosecha, Inc. v. Hall*, 246 Ga. App. 441, 444 (540 SE2d 659) (2000).

This case is similar to *Brown v. Amerson*, supra, in which the plaintiff slipped and fell in a shopping center parking lot. There, the plaintiff testified that it was "misty" at the time and that she slipped on a "combination of moisture and oil from the previous cars parked there." (Punctuation omitted.) Id. at 319. We concluded that such testimony was "pure speculation supported only by her statement that 'I do have knowledge that when there is moisture in the air and on the pavement that oil from parking lots and asphalt go straight to the top.'" Id. at 320. Ultimately, we held that "[w]ithout any proof as to the specific nature of the hazard, there is no basis for claiming that one of the defendant owners or an employee was in a position to have easily seen and removed the alleged hazard." Id. at 321. We reach a similar conclusion in the case sub judice.

The Mansells cite *Van Dyke v. EMRO Marketing Co.*, 211 Ga. App. 744 (440 SE2d 469) (1993), for the general proposition that a gas station owner is presumed to have superior knowledge in the handling and cleaning of gas and petroleum-based products. However, their reliance is misplaced, as that case is distinguishable from the case sub judice. In *Van Dyke*, the plaintiff slipped and fell in a puddle of kerosene and water at a self-service gasoline pump. When the plaintiff reported his fall to the attendant on duty, she told him,

"I thought somebody was going to fall out there, because I saw the man when he did it and he was filling up his kerosene jug and spilled it down where the water hose was, and those two mixtures is some kind of combination, it's just like wet ice." Id. at 745. Clearly, there was at least an issue of fact as to whether the defendant in *Van Dyke* had superior knowledge that the combination of water and kerosene was extremely slippery. Likewise, the Mansells' reliance on *Flood v. Camp Oil Co.*, 201 Ga. App. 451 (411 SE2d 348) (1991), is misplaced. In *Flood*, the plaintiff fell near a pump that the attendant knew "was always leaking on and off." Id. In this case, there was no evidence that an employee of Starr Texaco had actual knowledge of a petroleum spill on the premises, as was the case in *Van Dyke* and *Flood*.

Because the Mansells cannot prove that Starr Texaco had actual or constructive knowledge of any hazard other than the water of which Mrs. Mansell had equal knowledge, the judgment of the trial court must be affirmed.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 1, 2002.

*Taylor, Harp & Callier, John A. Harp*, for appellants.
*Finley & Buckley, Jerald R. Hanks, Kathleen M. Hurley*, for appellees.