A07A2335. DIAZ et al. v. WILD ADVENTURES, INC.
(658 SE2d 362)

MIKELL, Judge.
According to his complaint, plaintiff Roberto Diaz slipped and fell in rainwater, which had accumulated around the bumper car ride at Wild Adventures Theme Park in Valdosta. Diaz and his wife, Nadiezhda Kozlovskaya ("Nadia"), filed this premises liability action to recover damages for injuries sustained by Diaz in the fall and for Nadia's loss of consortium. The trial court granted summary judgment to Wild Adventures, Inc., and Diaz and Nadia appeal. We affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the

evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that it was raining heavily when Diaz and his family and friends arrived at the park from Jacksonville on August 31, 2002. Many of the rides were closed, including the bumper cars, so they walked around for awhile. When they returned, the bumper car ride was open. There was a line at the entrance, which was roped off by an attendant. Diaz's group waited in line for 30 minutes. When the attendant allowed them inside the ride, Diaz immediately slipped and fell on the metal floor. He testified that the floor was wet and extremely dirty, which he noticed before he entered the ride. Diaz testified that he was aware that "a lot of water" had accumulated because he saw the water flowing down from the side of the ride onto the floor.

During her deposition, Nadia testified that she and Diaz did not complain to anyone about the weather conditions; they just bought raincoats and asked when the rides would open. When asked whether she recalled any puddles in the park, Nadia testified, "It's rain. It's normal." She was asked whether she noticed any water around the bumper car ride, and she testified again, "It's normal. . . . Accidents happen."

In support of its motion for summary judgment, Wild Adventures submitted the deposition of Jerry Garner, the park's facility manager, who explained the operation of the ride and the reason for the dirty appearance of the floor. Garner testified that the bumper car ride operates on an alternating current system. It has a metal floor, which is one conductor, and a wire ceiling, which is the second conductor. The cars have steel wheels, which get their contact from the floor, and metal poles with spring-loaded whips on the top, which touch the top of the ceiling. The cars traverse the floor over small carbon deposits, which cause the floor to appear dirty. Garner further testified that after a heavy rain, the floor gets wet, and the carbon deposits become more visible, making the floor look even dirtier. According to Garner, the carbon builds up over the course of a few hours of operation and results from contact between two metal surfaces with electrical current. He testified that approximately two teaspoons of carbon dust build up over the course of each day and that it is swept off the floor every morning. Finally, Garner identified a photograph of a "ride operations safety sign that the manufacturer and the state requires to be in position of all rides." The sign states: "Please be careful

---

[1] (Citation and footnotes omitted.) *Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677 (629 SE2d 561) (2006).

entering and exiting the ride as the walking surface may be slippery." He explained that the floor was nonporous and smooth, making it slippery when wet. Garner, however, did not testify that the sign was in place when Diaz fell, and Diaz and Nadia testified that they did not recall seeing any such sign.

The standard for recovery in a slip and fall action is well settled:

[A]n invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed [him]self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.[2]

A plaintiff cannot recover on a premises liability claim unless the defendant had superior knowledge of the hazard; consequently, "the defendant is entitled to summary judgment if there is no evidence that it had superior knowledge or [if] the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant."[3] In the case at bar, the trial court held that (1) Wild Adventures did not have superior knowledge of any alleged hazard presented by the wet floor of the bumper car ride; and (2) plaintiffs failed to present evidence sufficient to establish any actionable negligence on the part of Wild Adventures. Therefore, the court granted summary judgment to Wild Adventures.

On appeal, plaintiffs contend that Wild Adventures had superior knowledge of the lubricating nature of carbon deposits on the metal floor, and that Diaz's knowledge of the wet, dirty floor did not give him equal knowledge that the "dirt" was a lubricant. Plaintiffs assert that the record shows that the carbon deposits are actually graphite and that graphite is a known lubricant. The evidence of record does not support this claim. Garner testified, unequivocally, that Wild Adventures never put graphite on the floor. Plaintiffs submitted no evidence to the contrary. We are unpersuaded by plaintiffs' contention that Garner's response of "Um-hum" when asked whether graphite was

---

[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

[3] (Citation omitted.) *Norman v. Jones Lang LaSalle Americas*, 277 Ga. App. 621, 624 (627 SE2d 382) (2006).

carbon creates an "awareness" by Wild Adventures that the substance on the floor was graphite, and that such substance caused the floor to be slippery. On a motion for summary judgment, once the defendant pierces the plaintiff's complaint by either disproving the plaintiff's case or demonstrating that there is no evidence to support at least one essential element of the plaintiff's case, the plaintiff cannot rest on allegations in his or her pleadings, but must point to specific, competent evidence giving rise to a triable issue.[4] Plaintiffs failed to do so.

This case is analogous to *Mansell v. Starr Enterprises / Texaco*,[5] in which a customer of a filling station sued the station's owner after the customer slipped and fell when she walked inside the store to use the restroom. The store manager had been spraying down the pavement in front of the store with a hose, and the customer was aware that she had walked through the water to get inside.[6] The customer's husband speculated that a clear liquid on the bottom of his wife's shoes was a "petroleum residue,"[7] and the plaintiffs asserted that this evidence created an issue of fact as to whether the owner had superior knowledge of the alleged hazard.[8] We held that the husband's speculation was insufficient "to create even an inference of fact" on summary judgment.[9]

In the case at bar, Diaz's deposition testimony establishes that he was aware of rainwater mixed with "dirt" on the floor of the bumper car ride before he walked onto the metal floor. In fact, he saw the rainwater flowing onto the floor. Although Diaz did not know that the "dirt" mixed with the rainwater was carbon dust, plaintiffs did not submit any evidence that the carbon dust made the floor more slippery than the wet floor would have been without the dust. Accordingly, plaintiffs are bound by the rule that

> [business] proprietors are not liable to patrons who slip and fall on floors made wet by rain conditions unless there has been an unusual accumulation of water and the proprietor has failed to follow reasonable inspection and cleaning procedures. . . . The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to

---

[4] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); see also OCGA § 9-11-56 (e).
[5] 256 Ga. App. 257 (568 SE2d 145) (2002).
[6] Id.
[7] Id. at 258.
[8] Id.
[9] (Citations and punctuation omitted.) Id. at 259.

which all who go out on a rainy day may be exposed and which all may expect or anticipate.[10]

Nadia's deposition testimony reflects her understanding that it is normal for puddles to occur when it rains, and accidents happen in such circumstances. Plaintiffs did not produce evidence that Wild Adventures had knowledge of any "hazard" other than the rainwater of which the plaintiffs had equal knowledge.[11] In addition, plaintiffs cannot show that Wild Adventures had constructive knowledge because there was undisputed evidence that the floor of the bumper car ride was cleaned every morning.[12]

The plaintiffs claim that Wild Adventures may be held liable for failing "to provide a secure slip resistant walking surface in the area in order to keep its premises safe."[13] But the cases cited by the plaintiffs in support of this position involve patrons slipping on floor mats.[14] "Floor mats subject to periodic folding, bunching, rolling, and shifting can constitute hazards for which landowners may be liable."[15] As Diaz slipped on the floor itself, these cases are inapposite.

We are keenly aware of the Supreme Court's recent reminder that

the "routine" issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed.[16]

---

[10] (Citations, punctuation and footnotes omitted.) *Walker*, supra at 680 (2) (no evidence to establish the proprietor's superior knowledge of the hazard caused by wet, tiled floor on rainy day).

[11] See id. at 681 (2); *Mansell*, supra at 260.

[12] Compare *Pylant v. Samuels, Inc.*, 262 Ga. App. 358, 359 (1) (585 SE2d 696) (2003) (constructive knowledge may be inferred when there is evidence that owner lacked a reasonable inspection procedure); *Hartley v. Macon Bacon Tune*, 234 Ga. App. 815, 818 (507 SE2d 259) (1998) (same).

[13] (Footnote omitted.) *Valentin v. Six Flags Over Ga.*, 286 Ga. App. 508, 510 (649 SE2d 809) (2007) (plaintiff stepped on a rubber mat as she descended the stairway of a water ride amusement park; mat slipped beneath her and caused her to fall; floorboards under mat were full of mildew; summary judgment for defendant reversed).

[14] See id. See also *Whatley v. Nat. Svcs. Indus.*, 228 Ga. App. 602, 603 (1) (492 SE2d 343) (1997); *Jet Food Stores v. Kicklighter*, 226 Ga. App. 552, 553 (1) (487 SE2d 120) (1997).

[15] (Citations and punctuation omitted.) *Whatley*, supra.

[16] *Dickerson v. Guest Svcs. Co. of Virginia*, 282 Ga. 771-772 (653 SE2d 699) (2007) (grant of summary judgment to the defendants reversed where plaintiff slipped and fell on wet stairs leading from a restaurant to a store inside a building at an amusement park; plaintiff presented evidence that the proprietor had been forewarned about a hazardous condition caused by rainy weather), citing *Robinson*, supra at 748.

This is, indeed, such a case. The trial court did not err in granting summary judgment to Wild Adventures.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 30, 2008 —
RECONSIDERATION DENIED MARCH 4, 2008.

*John S. Myers, Charles M. Cork III,* for appellants.
*Langdale & Vallotton, W. Pope Langdale III, Christina L. Folsom,* for appellee.