## A06A0681. WALKER v. SEARS ROEBUCK & COMPANY.

(629 SE2d 561) .

BLACKBURN, Presiding Judge.

Plaintiff Chauncey Walker appeals the trial court's grant of summary judgment to defendant Sears Roebuck & Company in this "rainy day" slip and fall case. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[2]

So construed, the evidence shows that in the early afternoon on December 16, 2000, Walker went to her local Sears store to have a security tag removed from an earlier purchase. It had been raining earlier that day in the morning, and it was still damp outside when Walker entered the store. Although it was Sears's policy to place warning cones near the store's entrances during inclement weather, and although several Sears employees testified that the cones had been set out on the day in question, Walker did not see any warning cones upon entering the store. Walker entered the store through the vestibule separating the outer and inner doors. She then walked across an entrance mat designed to absorb moisture and slipped and fell shortly after stepping onto the tiled floor, suffering serious injuries as a result. Walker testified that initially she did not know what caused her to slip but noticed water on the floor following her fall. She could not testify, however, as to the amount of water on the floor. Moreover, all of the Sears employees who testified regarding the accident and were asked whether they inspected the floor in the area where Walker fell responded that they did inspect the floor but did not see any water or wet spots.

Walker sued Sears for her injuries, claiming that Sears breached its duty to keep the premises safe for invitees. At the conclusion of discovery, Sears moved for summary judgment, arguing that Walker's testimony regarding the existence of water on the floor in the area of her fall contradicted prior sworn testimony and thus could not be used to defeat summary judgment on the issue of whether any hazard or defect caused her fall. Sears further argued that even assuming that a hazard existed, Walker's knowledge of such a hazard equaled

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Sears's knowledge, thus precluding Sears's liability. The trial court granted summary judgment to Sears, and this appeal followed.

In *Robinson v. Kroger Co.*,[3] the Supreme Court of Georgia held that

> to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

Moreover, "an invitee might recover for personal injury suffered in a slip and fall only when the perilous instrumentality is known to the owner or occupant and not known to the person injured." (Punctuation omitted.) Id. at 736 (1). "The true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom." *Edwards v. Ingles Market.*[4]

1. Walker contends that the trial court erred in granting summary judgment to Sears on the ground that she failed to prove the existence of a hazard. Specifically, Walker argues that the court erred in finding that portions of her deposition testimony regarding the existence of water on Sears's floor contradicted earlier testimony in the same deposition and previous sworn interrogatory responses, and thus should be construed against her in considering her opposition to Sears's motion for summary judgment.

In Interrogatory No. 19 of its First Interrogatories to Plaintiff, Sears asked Walker, "If you contend that the incident complained of in your complaint was caused, produced, or brought about by a foreign substance, please describe the foreign substance in detail." Walker's verified response stated, "At this time it is unknown if the floor was slippery because of a foreign substance on the floor or if the floor itself was inherently slippery." During Walker's deposition, the following exchanged occurred:

Q: Do you know what caused you to slip?

[3] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).
[4] *Edwards v. Ingles Market*, 234 Ga. App. 66, 67 (506 SE2d 205) (1998).

A: I do not.
Q: So you didn't see a puddle of water on the floor or anything like that?
A: No.

A short time later in the deposition, Sears's counsel more specifically questioned Walker as follows:

Q: Okay. Are you aware, generally, that when it's wet outside when people walk into a store, they can track water into a store?
A: Yes, I'm aware.
Q: Okay. But as you said, you don't know what you slipped in; correct?
A: I wasn't aware of anything on the floor when I slipped.
Q: Okay. And after you slipped, did you notice anything on the floor?
A: Yes.
Q: You did?
A: Yes.
Q: What did you notice?
A: I noticed water.
Q: Where did you see this water?
A: In the area that I fell.

Sears argues that Walker's responses in this last exchange contradicts both her response to Interrogatory No. 19 and the earlier testimony in her deposition. We disagree.

According to the rule established by *Prophecy Corp. v. Charles Rossignol, Inc.*,[5] "[o]n motion for summary judgment a party's self-conflicting testimony is to be construed against her unless a reasonable explanation for the contradiction is offered." *Wright v. JDN Structured Finance.*[6] See also *Gentile v. Miller, Stevenson &c.*[7] "Whether such testimony is contradictory, and whether a reasonable explanation has been offered is a question of law." (Punctuation omitted.) *Hallberg v. Flat Creek Animal Clinic.*[8] Here, there is no contradiction between Walker's responses in her deposition as to what caused her fall, as the first exchange indicates that she was unaware of what caused her to slip at the moment it happened, while the latter exchange clearly indicates that it was only after she fell that she saw

---

[5] *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986).

[6] *Wright v. JDN Structured Finance*, 239 Ga. App. 685, 686 (1) (522 SE2d 4) (1999).

[7] *Gentile v. Miller, Stevenson &c.*, 257 Ga. 583 (361 SE2d 383) (1987).

[8] *Hallberg v. Flat Creek Animal Clinic*, 225 Ga. App. 212, 214 (1) (483 SE2d 671) (1997).

the water on the floor. Furthermore, Walker's response to Interrogatory No. 19 did not contradict her deposition testimony but merely stated that the definitive cause of her fall was undetermined and that her response to this question would likely evolve as discovery in the case progressed. Consequently, we find that Walker's deposition testimony alleging that water on Sears's floor caused her to slip and fall was not subject to the *Prophecy Corp.* rule and therefore should have been considered as evidence of a hazard in her opposition to Sears's motion for summary judgment. See *Morrison v. J. H. Harvey Co.*[9]

2. Walker next contends that based on her testimony that the presence of water on Sears's floor caused her to slip and fall, the trial court erred in granting summary judgment to Sears on the ground that she had equal knowledge of the floor's allegedly hazardous condition. We disagree.

Store proprietors are not liable to patrons who slip and fall on floors made wet by rain conditions unless there has been an unusual accumulation of water and the proprietor has failed to follow reasonable inspection and cleaning procedures. See *Smith v. Toys "R" Us.*[10] See also *Edwards,* supra; *Palermo v. Winn-Dixie Atlanta;*[11] *Cook v. Arrington;*[12] *Colbert v. Piggly Wiggly Southern;*[13] *Gibson v. Consolidated Credit Corp.*[14] A store proprietor "is not an insurer of its invitees' safety and the true ground of its liability is its superior knowledge of the hazard." *Smith,* supra. As stated in *Gibson v. Consolidated Credit Corp.,* "[i]t is a matter of common knowledge that some water would normally be present at a place where shoppers continually pass in and out during rainy weather." (Punctuation and emphasis omitted.) *Gibson,* supra at 175 (2). Furthermore, "[i]t is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas." (Punctuation omitted.) *Smith,* supra at 191-192 (1). "The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate." (Punctuation omitted.) *Cook,* supra at 385. See also *Mansell v. Starr Enterprises/Texaco.*[15]

---

[9] *Morrison v. J. H. Harvey Co.,* 256 Ga. App. 38, 40 (2) (567 SE2d 370) (2002).

[10] *Smith v. Toys "R" Us,* 233 Ga. App. 188, 191 (1) (504 SE2d 31) (1998).

[11] *Palermo v. Winn-Dixie Atlanta,* 221 Ga. App. 532, 533-534 (1) (472 SE2d 85) (1996).

[12] *Cook v. Arrington,* 183 Ga. App. 384, 386 (358 SE2d 869) (1987).

[13] *Colbert v. Piggly Wiggly Southern,* 175 Ga. App. 44, 45 (1) (332 SE2d 304) (1985).

[14] *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170, 176-177 (2) (138 SE2d 77) (1964).

[15] *Mansell v. Starr Enterprises/Texaco,* 256 Ga. App. 257, 258-259 (568 SE2d 145) (2002).

Here, Walker acknowledged that it had been raining the morning of the day the accident occurred and further admitted that she was aware that customers can track water into a store on rainy days. Moreover, while Walker testified that after she fell she noticed water on the floor in the area where she had slipped, she could not testify, even generally, as to the amount of water that was on the floor and thus whether it was an amount that could be considered an unusual or unreasonable accumulation beyond that encountered on a typical rainy day. See *Cook*, supra at 385. In contrast, all of the Sears employees who testified regarding the accident and were asked whether they inspected the floor in the area where Walker fell responded that they did inspect the floor but did not see any water or wet spots. Walker, therefore, did not prove that Sears had knowledge of any hazard other than the rain water of which she had equal knowledge. See *Mansell*, supra at 260; *Cook*, supra at 386. Accordingly, the trial court did not err in granting summary judgment to Sears. *Robinson*, supra at 736 (1).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED APRIL 7, 2006.

*Tisinger, Tisinger, Vance & Greer, William S. Barber, James V. Chafin*, for appellant.

*Jones, Cork & Miller, Matthew T. Strickland*, for appellee.