## A08A0254. DREW v. ISTAR FINANCIAL, INC.

(661 SE2d 686)

MIKELL, Judge.

In this "rainy day" slip and fall case, Roshy Drew appeals the trial court's grant of summary judgment to defendant Istar Financial, Inc., and the trial court's subsequent denial of Drew's motion for reconsideration. Because we conclude that Drew has failed to show the existence of a hazard on Istar's property and has also failed to show Istar's superior knowledge of the purported hazard, we affirm.

We first note that Drew, in her brief, has not complied with this Court's requirement of specific citation to the record.[1] "Therefore, if we have omitted any facts or failed to locate some evidence in the record, the responsibility rests with appellant."[2] As we have often stated, it is not our function to cull the record on behalf of a party.[3]

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[4] Appellate review of a trial court's grant of summary judgment is de novo, and we view the evidence, as well as all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[5] "To obtain summary judgment, a defendant need not produce any evidence but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim."[6]

Construed in the light most favorable to the nonmovant, the evidence shows that on April 12, 2002, as Drew was coming back from lunch, she slipped and fell as she entered the lobby of Istar's 1500 Riveredge Parkway building. Drew was an employee of IBM at offices located in that building, and she had been so employed at that location for four years prior to the accident. She had been through the lobby of the building "many times" before the accident, and she was familiar with its layout.

On the day of the accident, it was raining outside. As Drew returned to the building, she got wet from the rain because she was not carrying an umbrella. She testified that "[a]s I was coming back,

---

[1] Court of Appeals Rule 25 (a) (1), (c) (3) (i) and (iii).

[2] (Citation omitted.) *Morris v. Pugmire Lincoln Mercury*, 283 Ga. App. 238, 239, n. 4 (641 SE2d 222) (2007).

[3] See *Waller v. Economic & Community Dev. Dept.*, 269 Ga. App. 129, 132 (2) (603 SE2d 442) (2004).

[4] (Footnote omitted.) *Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677 (629 SE2d 561) (2006). See OCGA § 9-11-56 (c).

[5] Id.

[6] (Citation omitted.) *Mansell v. Starr Enterprises/Texaco*, 256 Ga. App. 257 (568 SE2d 145) (2002).

I opened the door, and as soon as I opened the door, I slipped onto the water puddle. It was right in front of — about two or three steps in." She further testified that nothing obstructed her view of the puddle and that there was enough light, but that she did not see the puddle before stepping in it. She was not sure she could have seen it had she looked. She did not observe any warning sign or mat at the entrance.

After her fall, Drew stood up without assistance and proceeded to the inside door to the elevators. A security officer asked her if she needed help, and she said, "No, thank you." Drew later reported the incident to the security officer, but she did not request an ambulance. A fire department engine was called and Drew was asked if she wanted to be taken to the emergency room, but she declined. Drew testified that she saw people cleaning the lobby "[q]uite often," and that she usually saw "one or two people cleaning" the lobby when she went through the lobby on her way to work between 8:00 and 9:00 a.m. in the mornings, but because she seldom went through the lobby at lunchtime, she could not say whether cleaners were usually working in the lobby at lunchtime. However, in an affidavit submitted after her deposition, Drew averred that she "seldom saw cleaners cleaned [sic] the lobby area of the 1500 building between 12:00 and 1:00 p.m." and that she did "not recall seeing anyone cleaning or inspecting the lobby when she left for lunch at 1:00 p.m." on the date of her fall.

We recognize, as our Supreme Court has recently reiterated,

> that the "routine" issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed.[7]

With this standard in mind, we have concluded that the evidence in this case is "plain, palpable, and undisputed," and that the trial court did not err in granting summary judgment for Istar.

"In premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor,"[8] because "[t]he true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose

---

[7] *Dickerson v. Guest Svcs. Co. of Va.*, 282 Ga. 771, 771-772 (653 SE2d 699) (2007), citing *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997).

[8] (Citation omitted.) *Sunlink Health Systems v. Pettigrew*, 286 Ga. App. 339, 341 (649 SE2d 532) (2007).

the invitee[ ] to an *unreasonable risk* of harm."[9] It is well settled that, in order to recover in a slip and fall action, "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier."[10] If the owner has no actual or constructive knowledge of the hazard, summary judgment in its favor would be appropriate, because the invitee would not be able to establish that the owner had knowledge of the hazard superior to that of the invitee.[11] In the case at bar, Drew has failed to show that the water puddle constituted a hazardous condition and that Istar had actual or constructive knowledge of the purported hazard superior to her own.

1. First, Drew has not shown that the water puddle was a hazardous condition that exposed her to an unreasonable risk of harm.[12] Whether a hazardous condition exists is the threshold question in a slip and fall case.[13] Drew conceded that it was raining that day, and that she was wet as she reentered the building after lunch. She fell as she was opening the outer door, about two or three steps in. Drew has pointed to no evidence that the material she slipped in was anything other than rainwater, nor has she shown that the accumulation of water at the entrance to the building lobby was unusual.[14] Further, although Drew contends in her brief that the lobby floor was "a beige color marble that is naturally very slippery," this contention is not supported by citation to the record nor by our review of the record, and Drew herself testified that she had not had any prior problems with the lobby floor. We conclude that Drew has failed to present any evidence that she was exposed to a hazardous condition presenting an unreasonable risk of harm.

The case at bar is distinguishable on its facts from the Supreme Court's recent decision in *Dickerson*.[15] In that case, the evidence showed that the plaintiff fell on rainwater on an *interior* stairway, and that the defendant's employee had been aware of the hazard for

---

[9] (Citation omitted; emphasis in original.) Id. Accord *Dickerson*, supra at 772.

[10] *Robinson*, supra.

[11] Id. at 737 (1).

[12] See *Sunlink*, supra.

[13] *Flagstar Enterprises v. Burch*, 267 Ga. App. 856 (600 SE2d 834) (2004).

[14] See *Roberts v. Outback Steakhouse of Florida*, 283 Ga. App. 269, 270-271 (641 SE2d 253) (2007) (wet floor near restaurant entrance on rainy day was not a hazardous condition). Compare *Smith v. Toys "R" Us*, 233 Ga. App. 188, 189, 191 (504 SE2d 31) (1998) (one-inch deep puddle that "splashed" as plaintiff stepped in it could be a hazardous condition, even at store entrance on rainy day).

[15] Supra.

some time.[16] Under those facts, a slippery condition caused solely by rainwater could constitute a hazard presenting an unreasonable risk of harm, and summary judgment was therefore inappropriate.[17] In so ruling, the Supreme Court distinguished cases finding no hazardous condition where evidence showed that the plaintiff slipped on rainwater *outside* the premises[18] or, as in the case at bar, at the *entrance* to defendant's premises.[19]

2. Not only has Drew failed to present evidence that a hazardous condition existed, but she has also failed to present evidence that Istar had actual or constructive knowledge of this purported hazard.[20] Drew's allegation in her brief that Istar had actual knowledge of the puddle is unsupported by reference to the record, nor has our review of the record uncovered evidence of Istar's actual knowledge. On the contrary, Drew testified in her deposition that she had no information regarding whether the building owner or its employees knew of the water on the ground before her fall. Drew's reliance on *Edwards v. Ingles Marketing*[21] is therefore misplaced. In *Edwards*, the proprietor was shown to have had actual knowledge of the rainwater on the floor at the store's entrance, where the store manager had been informed of its existence approximately 15 minutes before plaintiff fell.[22]

The record before us is also devoid of evidence that Istar had constructive knowledge of this water puddle. A proprietor's constructive knowledge of such a hazard can be shown either by evidence that an employee of the proprietor was in the immediate area of the hazard and could have seen and removed it, or by evidence that the proprietor failed to exercise reasonable care in inspecting the premises.[23] Drew points to no evidence that any employees of Istar were in the area of the puddle either immediately before or at the time of her fall. Although the security officer was

---

[16] Id. at 773.

[17] Id. at 773-774.

[18] Id. at 772, citing *Emory Univ. v. Smith*, 260 Ga. App. 900, 901 (581 SE2d 405) (2003) (rainwater on outdoor ramp), and *Cohen v. Target Corp.*, 256 Ga. App. 91, 93 (567 SE2d 733) (2002) (rainwater on incline outside store entrance).

[19] *Dickerson*, supra at 772-773, citing *Walker*, supra at 677, 680 (tiled floor inside store entrance), and *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 175 (138 SE2d 77) (1964) (water accumulation inside entranceway where shoppers came and went in rainy weather).

[20] See *Flagstar*, supra at 858 (no jury issue where no evidence of proprietor's knowledge of purported hazard); *Mansell*, supra at 259. Accord *Walker*, supra at 681 (where amount of water on floor was not shown to be unusual amount for rainy day, plaintiff failed to show defendant's constructive knowledge).

[21] 234 Ga. App. 66 (506 SE2d 205) (1998).

[22] Id. at 67 (1).

[23] *Smith*, supra at 190 (1).

nearby when Drew fell, the record does not show that the officer was either employed by or an agent of Istar.

Drew also does not point to evidence in the record that Istar failed to exercise reasonable care in inspecting and keeping the premises in safe condition.[24] To show constructive knowledge in this manner, Drew must present evidence showing that the hazard had been allowed to exist for some length of time,[25] because "[w]ithout such proof it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard."[26] But Drew was unable to say how long the puddle had been there. Drew presented no evidence of the puddle's size nor of its depth; nor did she present evidence that the water in the puddle represented an accumulation unusual for a rainy day. The only evidence in the record concerning Istar's cleaning procedures is found in Drew's deposition, where she testified that she saw Istar's cleaning crew in the lobby "quite often" as she came to work; that she seldom went through the lobby in the middle of the day; and that she did not see the cleaning crew in the lobby as she left for lunch on the day of the accident. Plaintiff's reliance on *Smith*[27] is misplaced, because in that case the proprietor's constructive knowledge was based on evidence that showed "an unduly heavy accumulation of water due to open entrance doors on a rainy day with a blowing wind," as well as affirmative evidence that the entrance area had not been inspected from 9:30 until 11:00 a.m.[28]

Drew contends that a fact question was raised by her testimony that she observed neither mats nor warning signs at the entrance where she fell. However, a proprietor has "no duty . . . to warn those who enter his . . . place of business during a rainy occasion that there may be accumulations of water on the floor which have been tracked in or that the presence of the water may cause the floor to be slippery."[29]

Because Drew did not present evidence showing that the puddle represented a hazardous condition representing an unreasonable risk of harm, and because she did not present evidence that Istar had actual or constructive knowledge of the existence of the puddle, we conclude that the trial court did not err in granting summary judgment to Istar.

---

[24] Id.

[25] Id.

[26] (Punctuation and footnote omitted.) Id.

[27] Id.

[28] Id. at 191 (1).

[29] (Citation omitted.) *Sutton v. Winn Dixie Stores*, 233 Ga. App. 424, 425 (504 SE2d 245) (1998).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MAY 1, 2008.

*Keisha J. Samuels*, for appellant.
*Hicks & Casey, Lisa K. Whitfield, Allen & Kopet, Alisa W. Ellenburg, Adam H. Long*, for appellee.