[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14072

_____

D. C. Docket No. 06-00129-CV-CDL-4

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

BOBBY WATERS,

Plaintiff-Appellant,

versus

MEL MILLER, individually and
d.b.a. Fast Action Auto Transport,
PROGRESSIVE CASUALTY INSURANCE COMPANY,
PROGRESSIVE EXPRESS INSURANCE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 15, 2009)

Before BLACK and MARCUS, Circuit Judges, and BUCKLEW,[*] District Judge.

BLACK, Circuit Judge:

_____

[*] Honorable Susan C. Bucklew, United States District Judge for the Middle District of
Florida, sitting by designation.

This case arises from an accident caused when Mel Miller's tractor-trailer rear-ended Bobby Waters' vehicle. The issues on appeal concern whether Miller's commercial vehicle insurance policy (Policy), issued by Progressive Express Insurance Company (Progressive), remained in effect beyond its expiration date to provide coverage for the accident. The district court found Progressive's failure to notify the state and federal regulatory agencies that the Policy expired did not extend the Policy's coverage to the time of the accident, as Waters argued before the district court and now argues on appeal, and granted summary judgment in favor of Progressive and Progressive Casualty Insurance Company.[1] We reach the same conclusion and thus affirm the summary judgment orders.

I.

On November 29, 2005, Miller, doing business as Fast Action Auto Transport, was hauling automobiles from Florida to Georgia, when he drove his tractor-trailer into the rear of Waters' vehicle. As a result of the accident, Waters was severely injured and required surgical treatment. Progressive denied coverage of Miller's claim, explaining that the Policy only covered the period from September 11, 2004, to September 11, 2005. Prior to the Policy's expiration date,

---

[1] Progressive Casualty Insurance Company did not issue a policy to Miller, so Waters does not challenge the grant of summary judgment in its favor.

Progressive had sent Miller five separate cancellation notices to inform him that his failure to make payment would cause his insurance to lapse. When Miller failed to pay the premium by September 11, 2005, the Policy expired.

Waters brought suit in Superior Court of Muscogee County for damages and declaratory judgment against Miller, Progressive, and Progressive Casualty Insurance Company. After the case was removed to the Middle District of Georgia, the parties filed cross-motions for summary judgment. In two separate orders, the district court granted the Progressive Insurance defendants' motions for summary judgment.[2] *See Waters v. Miller*, 560 F. Supp. 2d 1318 (M.D. Ga. 2008). The court also granted Waters' request for leave to file an interlocutory appeal, as the case remained pending against Miller. *Id.* at 1325. On appeal, Waters challenges the orders granting summary judgment in favor of Progressive.

II.

We review the grant of summary judgment *de novo*, considering all evidence and reasonable inferences drawn therefrom in the light most favorable to the non-movant. *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005).

---

[2] On a motion for reconsideration, the court determined its first order granting summary judgment, while fully resolving the claims against Progressive Casualty Insurance Company, only resolved the part of the claims against Progressive arising under Florida law. On Progressive's subsequent motion for final summary judgment, the district court ruled in its favor on the remaining federal law question.

## A. State Regulatory System

Waters argues Progressive's failure to notify the Florida Department of Highway Safety and Motor Vehicles (FDHSMV) that the Policy expired before the date of the accident extended the Policy's coverage. We disagree. Under Florida law, motor carriers operating commercial vehicles interstate must register directly with the FDHSMV or a similar agency in a reciprocal state. Fla. Stat. §§ 207.004(1)(a), 207.0281. Commercial motor vehicles are subject to higher liability insurance coverage requirements than ordinary automobiles and must prove compliance with those higher limits when registering. Fla. Stat. §§ 320.02(5)(a); 627.7415(4). Critical to this case, each motor carrier must maintain a liability insurance policy in full force and effect and the policy "may not be canceled on less than 30 days' written notice by the insurer to the [FDHSMV]." Fla. Stat. § 320.02(5)(e).

As the district court found, Florida Statutes section 320.02(5)(e) applies when an existing policy is *cancelled*, but not when a policy *expires* because of non-renewal by the insured. The distinction between these two terms is recognized by insurance treatises and Florida law. *See* 3-16 Holmes' Appleman on Insurance 2d § 16.7 (2009) ("[Cancellation] is to be distinguished from the use of the term 'termination' . . . ."); 2 Couch on Insurance § 30:2 (3d ed. 2008) ("The

4

right to cancel is distinct from a policy's lapse, or expiration by its own terms."); *Safeco Ins. Co. v. Oehmig*, 305 So. 2d 52, 54 (Fla. 1st DCA 1974) (construing a "notice of cancellation" required by Florida Statutes section 627.728, which expressly distinguishes between cancellations and nonrenewals). By the plain terms of the Florida statute, we find Progressive's failure to notify the FDHSMV of the Policy's expiration did not result in the continuation of insurance coverage beyond September 11, 2005. Accordingly, we affirm the district court's order granting summary judgment to Progressive on the state law issue.

## B. Federal Regulatory System

Waters also argues the insurance coverage remained in effect because Progressive did not notify the Federal Motor Carrier Safety Administration (FMCSA) that Miller's Policy expired. We disagree. Under the Motor Carrier Act of 1980, 49 U.S.C. § 10101 *et seq.*, and the regulations promulgated thereunder, certain interstate motor carriers must obtain an insurance policy containing an MCS-90 endorsement "providing that the insurer will pay within policy limits any judgment recovered against the insured motor carrier for liability resulting from the carrier's negligence[.]" *Ill. Cent. R.R. Co. v. Dupont*, 326 F.3d 665, 666 (5th Cir. 2003). Coverage from policies that include an MCS-90

5

endorsement remains in effect until the insurance company gives 30 days' written notice to the FMCSA. *See* 49 C.F.R. §§ 387.15, 387.313(d).

The parties do not dispute Progressive would be liable if the Policy included the MCS-90 endorsement. In this case, however, the Policy did not include the endorsement. Waters urges this Court to incorporate the endorsement into the Policy as a matter of law, arguing the evidence presented to the district court showed Progressive knew or should have known Miller was engaged in interstate travel. Even if we assume *arguendo* such knowledge on the part of the insurer is justification for incorporating the endorsement into a policy that does not contain it,[3] Waters did not present sufficient evidence to support the conclusion that Progressive knew or should have known Miller was driving the tractor-trailer interstate. For this reason, it is unnecessary for us to reach the issue of whether the endorsement can be read into a policy that does not contain it, and we expressly decline to do so. The district court did not err in refusing to rewrite the Policy to include the MCS-90 endorsement, and we affirm its order granting summary judgment in favor of Progressive on the federal law issue.

---

[3] Some courts have incorporated the endorsement into policies as a matter of law. *See Prestige Cas. Co. v. Mich. Mut. Ins. Co.*, 99 F.3d 1340, 1348 n.6 (6th Cir. 1996); *Travelers Ins. Co. v. Tranp. Ins. Co.*, 787 F.2d 1133, 1139 (7th Cir. 1986); *Hagans v. Glens Falls Ins. Co.*, 465 F.2d 1249, 1252 (10th Cir. 1972). At least one other, while not incorporating the endorsement, indicated it may be read into a policy if the insurer knew it was insuring an interstate motor carrier. *See Howard v. Quality Xpress, Inc.*, 989 P.2d 896, 900 (N.M. Ct. App. 1999).

III.

Progressive was entitled to summary judgment under the facts of this case. Accordingly, we affirm the district court's orders granting summary judgment to Progressive.

**AFFIRMED.**