**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 4, 2012**

# In the Court of Appeals of Georgia

A12A0877. HAYWARD v. THE KROGER COMPANY.

ANDREWS, Judge.

On appeal from the trial court's grant of summary judgment to The Kroger Company in this rainy-day slip-and-fall case, plaintiff Frances Hayward argues that the trial court erred in its handling of witness affidavits when it denied her motion to compel production of a videotape and photographs of the accident scene, and when it concluded that no question of material fact remained on the merits of her claim. We find no error and affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the non-movant, to determine whether a genuine issue of fact remains and whether the moving party is

entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that at approximately 1:00 p.m. on a Sunday afternoon following several days of rain, including that morning, Frances Hayward walked through a first set of double doors at the entrance to a Kroger supermarket in Stone Mountain. Hayward, who was 78 years old and wearing high-heeled demi-boots, noticed that the foyer between the first and the second set of double doors was damp. As she walked toward the second set of doors, she slipped and fell, suffering injury.

Kroger's wet floor policy, which store manager Stella Rodriguez knew of and was responsible for implementing, included the following general directives as to spills and wet floors: (1) "Never leave the area unattended and verbally warn those nearby of the hazard"; (2) "Block off the area if no other associate is around" (emphasis omitted); (3) "Place caution signs around the perimeter of the wet area so they are visible from all directions to warn every customer"; and, as applicable to inclement weather, the further directives: (4) Place rugs "at all entrance doors and other appropriate front-end areas"; (5) "Keep a mop and bucket at the front end and aggressively clean up excess water; and (6) "Swap out wet rugs with dry rugs as

2

necessary." Rodriguez testified that because it had been raining for days, it was wet everywhere outside resulting in tracked in water and in accordance with Kroger policy, she had placed caution signs just outside the first set of doors and at least one sign just outside the second set of doors. Although Hayward testified that she did not see any mats or caution signs on entering the store, photographs taken at the scene show Hayward's lower body lying on a mat as well as caution signs placed in front of both sets of doors.

Rodriguez testified that she had replaced the usual entranceway mats with a longer produce mat laid lengthwise between the sets of doors. Rodriguez also testified that she had replaced the produce mat between the two sets of doors with a dry one at one point during the morning and had mopped the floor periodically. And while Rodriguez testified that only one other person was helping her monitor the front entrance on that day, her assistant manager, Deborah Klein, filed an affidavit in which she stated that she had assisted Rodriguez in placing entranceway mats in and outside the front entrance, that they had replaced a long produce mat "at least once" before Hayward fell, and that she, Rodriguez, and another employee had mopped the front entrance "as often as every ten to fifteen minutes because of customer traffic and the wet shopping carts moving in and outside the store."

3

1. Hayward first argues that the trial court abused its discretion when it (a) denied her motion to strike Klein's affidavit, and (b) granted Kroger's motion to strike the affidavits of her expert witness, Rosanne Masone, concerning Kroger's safety procedures. We disagree.

We review a trial court's decision on a motion to strike only for an abuse of discretion. See *CNL APF Partners v. Dept. of Transp.*, 307 Ga. App. 511, 513 (2) (705 SE2d 862) (2010).

(a) The record shows that Kroger identified assistant manager Klein as a potential witness in the course of discovery and before manager Rodriguez's deposition. The fact that Kroger filed Klein's affidavit after both the Rodriguez's deposition and the filing of expert witness Masone's affidavits does not authorize a conclusion that the trial court abused its discretion when it concluded that Kroger properly identified Klein "in response to all applicable discovery requests." See id. at 513 (2) (affirming denial of motion to strike).

(b) Hayward tendered the Masone affidavits as an expert in risk management for grocery stores generally, which Hayward argues is a "profession shrouded in the mystery of professional skill and knowledge." See *Fordham v. State*, 254 Ga. 59, 60 (4) (325 SE2d 755) (1985); OCGA § 24-9-67.1 (a), (b) (setting out criteria for

4

admission of expert testimony). On the contrary, and as the trial court held, Masone's testimony was not necessary on the question of whether Kroger's procedures were adequate to meet the common problem of accumulated rainwater at the entrance to a store during rainy weather. *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 45 (1) (322 SE2d 304) (1985); see also *Bailey v. Annistown Road Baptist Church*, 301 Ga. App. 677, 689-690 (12) (689 SE2d 62) (2009) (that rainwater soaks into the earth and can erode soil did not require expert testimony). Moreover, the affidavits as conclusory and unsupported by factual evidence, were insufficient to avoid summary judgment. "Nothing in *Daubert [v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (113 SC 2786, 125 LE2d 469) (1993)] or OCGA § 24-9-67.1 'requires a trial court to admit opinion evidence which is connected to existing data only by the ipse dixit of the expert.'" (Citation omitted.) *HNTB Ga., Inc. v. Hamilton-King*, 287 Ga. 641, 644 (1) (697 SE2d 770) (2010). Accordingly, there was no abuse of discretion in the trial court's grant of Kroger's motion to strike these affidavits as more prejudicial than probative.

2. Hayward argues that the trial court abused its discretion when it denied the portion of her motion to compel concerning a videotape and original photographs of the scene. We disagree.

5

"The trial court's discretion in dealing with discovery matters is very broad, and this court has stated on numerous occasions that it will not interfere with the exercise of that discretion absent a clear abuse." (Citation and punctuation omitted.) *Reeder v. GMAC*, 235 Ga. App. 617, 620 (3) (510 SE2d 337) (1998).

The record shows that Hayward filed a motion to compel answers to four of her interrogatories and five of her requests for production, including videotapes of the store entrance on the date of the accident. The motion to compel did not seek review of Kroger's response to Hayward's request for photographs, however. The record also shows that although Kroger could not locate the originals of the photographs, it had produced at least two copies of them before Hayward brought her motion to compel. The trial court granted the motion only as to two interrogatories and a request concerning incident reports. Kroger complied with the court's order, and Hayward did not take any further action concerning these discovery requests.

(a) Hayward never sought to compel any response to its request for photographs. Because no issue concerning them was presented to the trial court for its ruling, we have nothing to review on appeal. *Arreola-Soto v. State of Georgia*, 314 Ga. App. 165, 168 (2) (723 SE2d 482) (2012).

(b) Further, according to store manager Rodriguez, no videotape camera recorded the incident itself, and produced photographs showed a mat and caution cones at the scene. In light of these facts, we cannot say that the trial court abused its discretion when it denied Hayward's motion to compel production of any videotape depicting the store foyer before or after the accident. *Reeder*, supra, 235 Ga. App. at 620 (3) (noting absence of evidence that order granting plaintiff's motion to compel was incorrect "or that the trial court abused its discretion in denying the motion").

3. Hayward contends that a question of fact remains concerning Kroger's superior knowledge of the water hazard on which she fell. We disagree.

(a) As a preliminary matter, we note that Hayward contradicted herself on the question of whether she knew the entrance floor was wet before she fell. When asked whether "[b]efore you fell did you see anything on the floor?", she replied, "The floor was wet. . . . It had rained. People walking from my side – it had stopped raining, but the floor was still wet, you know, like damp." After a break in the deposition, however, Hayward revised her testimony to state that she did not realize the floor was wet until after she fell, when she noticed that her "coat was soaking wet on the floor."

> The rule of self-contradictory testimony, discussed in *Prophecy Corp.
> v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) is a rule

7

for construing testimony separate from those rules allocating burdens of proof at trial and on motion for summary judgment. Whether such testimony is contradictory, and whether a reasonable explanation has been offered is a question of law.

(Citations and punctuation omitted.) *Hallberg v. Flat Creek Animal Clinic*, 225 Ga. App. 212, 214 (1) (483 SE2d 671) (1997). Here, Hayward offered no satisfactory explanation for her change in testimony; instead, she repeated her earlier answer that "it had been raining." We therefore apply the *Prophecy* rule against Hayward and discount her later testimony to the effect that she did not know that the floor was wet as she entered the store. *Sunlink Health Systems v. Pettigrew*, 286 Ga. App. 339, 341 (649 SE2d 532) (2007); see also *Hallberg*, supra, 225 Ga. App. at 214-215 (rejecting plaintiff's attempt to correct deposition testimony that she was "not quite sure" how her fall occurred).

(b) As the Supreme Court of Georgia has held,

in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the

8

plaintiff - i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). Moreover, as our Supreme Court has recently reiterated, there can be no recovery in a premises liability case without evidence tending to show that the owner/occupier has "*superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property." (Emphasis supplied.) *The Landings Assn. v. Williams*, 291 Ga. 397, (728 SE2d 577, 580, 2012 Ga. Lexis 566) (2012).

It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. One who is familiar with the premises cannot rely for recovery upon the negligence of the defendant in failing to correct a patent defect where such party had *equal means with the defendant of discovering it or equal knowledge of its existence*.

(Citations and punctuation omitted.) Id. More specifically, and as this Court has held in the wake of *Robinson*, "[s]tore proprietors are not liable to patrons who slip and fall on floors made wet by rain conditions *unless* there has been an *unusual* accumulation of water *and* the proprietor has failed to follow reasonable inspection

and cleaning procedures." (Emphasis supplied.) *Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677, 680 (2) (629 SE2d 561) (2006).

Pretermitting whether Kroger was negligent in failing to follow its rainy day procedures satisfactorily, there is nothing in the evidence to suggest that there was an "unusual" accumulation of water at the particular spot where Hayward fell notwithstanding the rains which preceded it. Rodriguez's testimony stating that water had been tracked into the store by customers and shopping buggies due to rainwater as "everywhere" outside cannot reasonably be taken as putting this matter in issue. Moreover, construing her original deposition testimony as we must under *Prophecy*, the floor was not more than damp at the time Hayward fell, a fact of which she was then aware. Consequently, no jury question arises regarding the issues of equal knowledge and accumulated water as unusual. As we have often held: "The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate." (Citations and punctuation omitted.) *Walker*, supra, 278 Ga. App. at 680 (2). And, even were there no admission here, in rainy day slip and fall cases plaintiffs "are charged with equal knowledge that water is apt to be found in any area frequented by

10

people coming in from the rain outside." (Citation and punctuation omitted.) *Emory Univ. v. Smith*, 260 Ga. App. 900, 902, n. 5 (581 SE2d 405) (2003).

Given the foregoing, Hayward cannot show that Kroger had superior knowledge of a wet condition at the entrance of its store exposing Hayward to an unreasonable risk of harm, and the trial court did not err when it granted summary judgment to Kroger. *Walker*, supra, 278 Ga. App. at 680 (2); *Emory Univ.,* supra, 260 Ga. App. at 902, n. 5.; compare *Edwards v. Ingles Market*, 234 Ga. App. 66, 67 (1) (506 SE2d 205) (1998) (reversing grant of summary judgment where "defendant but not plaintiff knew that the puddle in which plaintiff slipped had formed prior to plaintiff's fall").

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*