[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11100

Non-Argument Calendar

_____

PAUL A. PALMER, JR.,

Plaintiff-Appellant,

*versus*

CVS PHARMACY INC. et al.,

Defendants,

GEORGIA CVS PHARMACY LLC,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-03178-SDG

———————————

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Paul Palmer injured his knee when he tripped over the counter at an Atlanta-area CVS.  He sued CVS for negligence based on a premises-liability theory under Georgia law.  He also moved for sanctions because, he claimed, CVS "fail[ed] to preserve evidence in its original form."  The district court granted CVS's motion for summary judgment and denied Palmer's motion for sanctions.  Palmer, proceeding pro se, appeals.  We affirm.[1]

---

[1] Palmer also contends that his due-process rights were violated.  But because he raises that issue for the first time on appeal, we need not address it.  *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004).  He also asserts that the district court erred when it awarded CVS attorneys' fees.  However, there is no fee award included in the district court's order granting summary judgment—nor did CVS seek fees in its motion for summary judgment.  *See* Doc. 80 at 17 (District Court's Order Granting Summary Judgment); Doc. 51-1 at 13 (CVS's Brief in Support of Motion for Summary Judgment).  Like the due-process issue, then, Palmer's challenge to the nonexistent fee award is not properly before us.  *See Access Now*, 385 F.3d at 1332.

# I

Under Georgia law, "[w]hen a premises liability cause of action is based on a 'trip and fall' or 'slip and fall' claim"—as is Palmer's—the plaintiff must demonstrate two elements: (1) that "the defendant had actual or constructive knowledge of the hazard; and (2) [that] the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." *American Multi-Cinema, Inc. v. Brown*, 679 S.E.2d 25, 27–28 (Ga. 2009) (citations omitted).[2] But, as a "threshold question," the plaintiff must first demonstrate that "a hazardous condition exists." *Drew v. Istar Fin., Inc.*, 661 S.E.2d 686, 689 (Ga. App. 2008). Because Palmer cannot establish a genuine issue of material fact as to the existence of a hazardous condition, we affirm summary judgment for CVS.

Palmer contends that the CVS counter presented a hazardous condition because it "was loose, protrud[ed] out and below knee level and [was] not in [his] plain view." But that bare assertion is insufficient to establish a fact question about whether the counter constituted a hazardous condition. Palmer has not, for example, provided any "expert affidavit about the construction" of the

---

[2] We review the district court's order granting "summary judgment *de novo* and apply the same legal standard used by the district court, drawing all inferences in the light most favorable to the non-moving party and recognizing that summary judgment is appropriate only where there are no genuine issues of material fact." *Smith v. Owens*, 848 F.3d 975, 978 (11th Cir. 2017).

counter "or any evidence that [CVS] violated any rules, ordinances, or standards pertaining to the structure." *Cohen v. Target Corp.*, 567 S.E.2d 733, 735 (Ga. App. 2002). Because Palmer has failed to provide evidence supporting his assertion that the counter was a hazardous condition, summary judgment was appropriate.[3]

## II

Next, Palmer contends that the district court abused its discretion when it denied his motion for sanctions.[4] On a spoliation-of-evidence claim, the party seeking sanctions bears the burden of proof. *See Eli Lilly & Co. v. Air Express Int'l USA, Inc.*, 615 F.3d 1305, 1318 (11th Cir. 2010). That includes, of course, establishing that spoliation—the destruction or significant alteration of evidence—occurred. *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999); *see also Spoliation*, Black's Law Dictionary (11th ed. 2019).

---

[3] Separately, even if the counter constituted a hazardous condition, summary judgment was warranted because it was open and obvious, as the district court found. In Georgia, when a hazard is "static" and "nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks." *D'Elia v. Phillips Edison & Co.*, 839 S.E.2d 721, 724 (Ga. App. 2020) (quotation omitted). The counter on which Palmer tripped was painted red, unobstructed, and static. Thus, even if it was a hazard, it was open and obvious. Summary judgment was appropriate on that ground alone. *See id.*

[4] "We review the district court's decision regarding spoliation sanctions for abuse of discretion." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 943 (11th Cir. 2005).

Apart from bald assertions, Palmer has provided no evidence to support his allegation that CVS altered the videotape of his slip-and-fall incident.  He thus failed to carry his burden and the district court did not abuse its discretion when it denied his motion for sanctions.

**AFFIRMED.**